IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANKALP RECREATION PVT. LTD., and NEETU KAILASH GOENKA<br><br>     Plaintiffs,<br><br>v.<br><br>PRAYOSHA RESTAURANT GROUP, LLC (Delaware), PRAYOSHA RESTAURANT GROUP LLC (New Jersey), and SURESH N. PATEL<br><br>     Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Sankalp Recreation Pvt. Ltd. ("Sankalp") and Neetu Kailash Goenka ("Mrs. Goenka") (collectively, "Plaintiffs"), for their Complaint against Defendants Prayosha Restaurant Group, LLC (Delaware) ("Prayosha Delaware"), Prayosha Restaurant Group LLC (New Jersey) ("Prayosha New Jersey"), and Suresh N. Patel ("Patel") (collectively, "Defendants") allege as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition. Sankalp is the exclusive franchisor of Sankalp branded restaurants and the exclusive licensor of a federally-registered mark ("the Sankalp Mark"), owned by Mrs. Goenka. In addition to being registered in the United States, the Sankalp Mark is registered in India, where the Sankalp restaurants originated. The Sankalp Group is a chain of over 100 specialty restaurants around the world.

2. Sankalp and Prayosha Delaware entered into a written license agreement whereby Prayosha Delaware operated a Sankalp branded restaurant. However, after Sankalp terminated the license agreement due to a serious breach by Defendants, Defendants continued, and still

continue, to operate a Sankalp branded restaurant at the same location, under the same name, and using Sankalp's Mark, menus, and promotional materials without authorization. Defendants even continue to offer purported sublicenses to the Sankalp Mark. Defendants' willful and knowing misconduct has led and continues to lead patrons to believe that its restaurant is affiliated with or authorized by Sankalp and constitutes multiple violations of the Lanham Act. Sankalp, therefore, by its Complaint, seeks preliminary and permanent injunctive relief, treble damages, and its attorneys' fees and costs.

## THE PARTIES

3. Plaintiff Sankalp Recreation Pvt. Ltd. is a corporation formed under the laws of India with its principal place of business at Sankalp Square, Drive in Road, Ahmedabad, India.

4. Plaintiff Neetu Kailash Goenka is a citizen of India and is director of Sankalp Recreation Pvt. Ltd. India.

5. Upon information and belief, Defendant Prayosha Restaurant Group, LLC (Delaware) is a Delaware limited liability company with its principal place of business at 22 Meridian Road, Suite 12-2, Edison, New Jersey, and together with Defendant Prayosha New Jersey, is operating the restaurant at issue at 1734 Oak Tree Road, Edison, New Jersey, 08820.

6. Upon information and belief, Defendant Prayosha Restaurant Group LLC (New Jersey) is a New Jersey foreign limited liability company with its principal place of business at 22 Meridian Road, Suite 12-2, Edison, New Jersey, and together with Defendant Prayosha Delaware, is operating the restaurant at issue at 1734 Oak Tree Road, Edison, New Jersey, 08820.

7. Upon information and belief, Defendant Suresh N. Patel, an individual, serves as President of Prayosha Delaware and Prayosha New Jersey and resides at 419 Acorn Drive,

Paramus, New Jersey, 07652 and has an office at 22 Meridian Road, Suite 12-2, Edison, New Jersey.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because certain of the claims arise out of the Lanham Act (15 U.S.C. §§ 1114 & 1125(a)).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because the acts of Defendants which form the basis of Sankalp's claims were/are performed in New Jersey. In addition, Patel is a resident of New Jersey and both Prayosha entities have their principal place of business in New Jersey.

## BACKGROUND

**The Sankalp Mark**

10. The Sankalp Group was founded in 1981 by Mrs. Goenka's family and the first Sankalp restaurant was opened in Ahmedabad, India.

11. The first restaurant was a success and Sankalp continued to open additional restaurants in India. The Sankalp restaurants serve South Indian style cuisine and are recognized by their authentic culinary preparations, ethnic table layout and excellent service. In 2010, after achieving growth and customer recognition in India, Sankalp opened its first restaurants outside India in the United States and Canada. Sankalp also has restaurants in Australia, Dubai, and London. All of Sankalp's restaurants replicate the taste, quality and ambiance that have earned Sankalp its world renowned reputation.

12. Sankalp offers and sells franchises, providing the right to operate Sankalp branded restaurants under a prescribed system that includes a distinctive layout and design, signage,

specifications, and appearance; specific and uniform operating procedures, menus, recipes, and formulas; and proprietary methods and techniques for inventory and cost controls, recordkeeping and reporting, personnel management and training, purchasing, marketing, sales promotions, and advertising, all as set out in a confidential and proprietary manual (the "Sankalp System").  At the present time, there are 100 franchised Sankalp branded restaurants around the world, of which three are in the United States.  Sankalp operates seven Sankalp branded restaurants directly.

13. In the United States, Mrs. Goenka is the owner of U.S. Trademark Registration Number 3,864,858, for the Sankalp Mark shown below:



Sankalp is the exclusive licensor in the United States for the Sankalp Mark.  A true copy of the Certificate of Registration for the Sankalp Mark is attached hereto as Exhibit A.

14. Sankalp's proprietary name, logos, and the Sankalp Mark remain in full force and effect and Sankalp has given public notice of the registration of the foregoing Sankalp Mark as provided in 15 U.S.C. § 1111.  In addition, Sankalp and its affiliates have invested substantial sums in advertising and in promoting the name, logo, and Sankalp Mark.  Finally, variations on the U.S. Registered Service Mark are used by Sankalp around the world and Sankalp holds an Indian trademark for the word "Sankalp."

15. As a result, the Sankalp name, logo, and Mark are strongly associated in the minds of the consuming public with the products and services offered by Sankalp and its wholly

1760575_4

owned and franchised system of Sankalp branded restaurants.  The Sankalp name and logo, and the Sankalp Mark have also acquired secondary meaning and enjoy an excellent reputation among the consuming public, having won numerous awards, and constitute property of the greatest value to Sankalp.

16. Furthermore, Patel acknowledged in a letter to Mrs. Goenka, dated April 3, 2008, that she had been using the Sankalp trademark in connection with restaurants for "a very long time."  Patel further acknowledged that Mrs. Goenka intended to file a trademark application in the United States Patent and Trademark Office and that he would, therefore, withdraw applications for registration of the trademark SANKALP.

**The Parties' Franchise And License Agreements**

17. On April 12, 2008, Sankalp and Patel executed a Master Franchise Agreement (the "Franchise Agreement") pursuant to which Patel was licensed to use the Sankalp Mark and Sankalp's other intellectual property in connection with the operation of a Sankalp branded restaurant in Edison, New Jersey (the "Restaurant").

18. On April 23, 2010, Patel and Sankalp, by mutual consent, terminated the Franchise Agreement by means of a written and executed Cancellation of Agreement.

19. The next day, on April 24, 2010, Sankalp and Prayosha Delaware, through Patel as its President, executed a Master License Agreement ("License Agreement").  A true copy of the License Agreement is attached hereto as Exhibit B.  The License Agreement, which stated that it was effective on April 3, 2008, licensed the use of the Sankalp Mark and Sankalp's other intellectual property to Prayosha Delaware for use in restaurants in the Northeastern United States.  In addition, Prayosha Delaware was to set up at least five licensed restaurants in the Northeastern United States within one year of the License Agreement.

20. Pursuant to paragraph 10 of the License Agreement, Prayosha Delaware was to enter into individual licensee agreements with Sankalp prior to the opening of each new licensed restaurant. The License Agreement did not permit or authorize Prayosha Delaware to enter into sublicenses or open Sankalp branded restaurants outside of the Northeastern United States.

21. Paragraph 24 of the License Agreement provided that Sankalp could terminate the License Agreement based on a breach by Prayosha Delaware and subsequent failure to cure.

22. By at least 2010, Sankalp learned that Defendants were attempting to sublicense the Sankalp Mark and the right to open a Sankalp branded restaurant to Hiral Food Inc. ("Hiral"), located in Cincinnati, Ohio. Representatives from Sankalp visited Hiral and found that Hiral was not ready to perform to Sankalp's standards.

23. On or about November 22, 2010, Sankalp sent a notice to Defendants stating that Hiral's failure to satisfy Sankalp's standards was a breach of the sublicense agreement and that they must terminate the sublicense immediately and provide proof of such cancellation.

24. On May 17, 2011, having received no response from Defendants, Sankalp sent another letter notifying Defendants that they were in breach of the License Agreement due to their ongoing effort to provide a sublicense to Hiral.

25. On July 12, 2012, Defendants finally responded to Sankalp's prior correspondence. In their letter, Defendants failed to address their breach of the License Agreement.

26. Sankalp sent additional letters to Defendants in August and November 2012, demanding they stop their unauthorized use of the Sankalp Mark and Sankalp's intellectual property, but Defendants failed to respond, let alone comply with Sankalp's demand.

1760575_4

27.     On July 3, 2013, Sankalp sent another cease and desist letter to Defendants.  Even though the letter was sent to the business address listed on the Restaurant's website, delivery was refused and the letter was returned to Sankalp's counsel.

28.     By operation of the License Agreement, Defendants' failure to cure their breach resulted in the termination of the License Agreement.

**Defendants' Continuing Operation Of The Restaurant
In Violation Of Sankalp's Trademark Rights**

29.     In the May 17, 2011 notice of termination, Sankalp requested that Defendants return to Sankalp all stationery material, Boards, Crockery and other material bearing the mark Sankalp.  However, Defendants failed and refused to return these materials.  Rather, on information and belief, the materials bearing the Sankalp Mark are still in use at the Restaurant.

30.     Despite no longer being licensed and authorized to use the Sankalp Mark and its intellectual property, Defendants continue to operate the Restaurant using the proprietary Sankalp Mark and Sankalp System and to hold the Restaurant out to the consuming public as a Sankalp franchise, in violation of Plaintiffs' rights.  A true copy of pages from the Restaurant's website, including the Restaurant's menu, last accessed on August 27, 2013 are attached hereto as Exhibit C.

31.     For example, Defendants continue to call the Restaurant "Sankalp, The Taste of India."  On its website, Defendants claim it is "[a]n extension of one of India's most famous restaurant chain, Sankalp is an award-winning Indian café that offers pure vegetarian South Indian cuisine."  Under the "Press & Awards" tab on its website, Defendants list reviews and press releases related to Sankalp.

32. In its most brazen attempt to improperly profit off of Sankalp's intellectual property, Defendants continue to offer purported sublicenses to the Sankalp Mark and Sankalp's intellectual property throughout the United States. A page on the Restaurant's website states:

> Sankalp is one of the largest and fastest growing restaurant chains in all of India. Now, Prayosha Restaurant Group LLC is offering sub-franchise opportunities for Sankalp Restaurants in the US.
>
> The Sankalp brand is known for its innovative cuisine coupled with fresh local ingredients. A Sanklap [sic] franchise brings its signature recipes along with easy-to-follow brand guidelines for interior and exterior build-out and design, menus and merchandising. Sub-licensees will also benefit from centralized equipment sourcing, supplies of essentials, inventory and auditing systems and operations manuals and training. Furthermore, national marketing support, advertising packages, national promotional schemes and regular sales and management support make operating a Sankalp franchise a lucrative and enterprising venture.
>
> ***Currently Prayosha Restaurant Group is accepting Sankalp franchise offers in major urban cities from the Midwest, South and Eastern states of the US***.

*See* Exhibit C at C-3 (emphasis added).

33. Further, because Sankalp is no longer supplying materials to Defendants for use in the Restaurant, upon information and belief, the quality of food and service at the Restaurant is inferior to that provided by Sankalp and, accordingly, is damaging Sankalp's reputation.

34. Defendants have knowingly and willfully continued to use the Sankalp Mark, the Sankalp System and Sankalp's intellectual property in violation of United States law.

## COUNT I

### (Federal Service Mark Infringement)

35. Sankalp incorporates the allegations contained in Paragraphs 1 through 34 above.

36. Defendants' continued use of the Sankalp Mark in connection with the operation of the Restaurant, after termination of the License Agreement, is without right, license, or authorization. Defendants have been put on notice of their obligation to immediately cease their

unauthorized use of the Sankalp Mark, but nonetheless have continued to use the Sankalp Mark and to hold the Restaurant out to the consuming public as a Sankalp-branded restaurant.

37. Defendants' use of the Sankalp Mark constitutes infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Defendants knowingly and willfully directed or participated in the acts of infringement.

39. The public is likely to be confused, deceived, or otherwise misled by Defendants' infringement of the Sankalp Mark.

40. Sankalp has been substantially and irreparably injured by Defendants' infringement, and will continue to be substantially and irreparably injured unless and until Defendants are preliminarily and permanently enjoined from infringing the Sankalp Mark.

41. In addition, Sankalp has sustained actual damages as a direct and proximate result of Defendants' willful and knowing infringement of the Sankalp Mark in an amount to be determined at trial.

42. Because Defendants' infringement is knowing and willful, this is an exceptional case and Sankalp is entitled to attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117.

## COUNT II

### (Federal Unfair Competition)

43. Sankalp incorporates the allegations contained in Paragraphs 1 through 42 above.

44. Defendants' unauthorized use of the Sankalp Mark in connection with the operation of the Restaurant, after the termination of the License Agreement, constitutes a false designation of origin and a false representation that the Restaurant is still sponsored by, approved by, or otherwise affiliated with Sankalp. Sankalp has given Defendants notice of their obligation

to cease the unauthorized use of the Sankalp Mark, but Defendants have nonetheless continued to use it.

45. Defendants' conduct constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Defendants knowingly and willfully directed or participated in the foregoing acts of unfair competition.

47. Defendants' unauthorized use of the Sankalp Mark is likely to confuse, deceive, or otherwise mislead the public.

48. Sankalp has been substantially and irreparably injured by Defendants' acts of unfair competition, and will continue to be substantially and irreparably injured unless and until Defendants are preliminarily and permanently enjoined from engaging in these acts.

49. In addition, Sankalp has sustained actual damages as a direct and proximate result of Defendants' willful and knowing unfair competition in an amount to be determined at trial.

50. Because Defendants' acts of unfair competition are knowing and willful, this is an exceptional case and Sankalp is entitled to attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, as follows:

1. Ordering Defendants to immediately cease their infringing use of the Sankalp Mark;

2. Ordering Defendants to de-identify the Restaurant and preliminarily and permanently enjoining Defendants from:

    a. Operating the Restaurant as a Sankalp branded restaurant, using the Sankalp Mark, and offering purported sublicenses related to the Sankalp Mark;

    b. Making any representation or statement that Defendants or the Restaurant are in any way approved, endorsed, or licensed by Sankalp, or are affiliated with Sankalp in any way;

    c. Using and refusing to return to Sankalp all originals and copies of Sankalp's confidential materials that have been provided to Defendants by Sankalp; and

    d. Using any Sankalp trade or service marks, including those marks displayed on such items as slogans, symbols, computer formats, signs, logos, advertising, stationery, and forms.

3. Ordering Defendants to file with the Court and serve on counsel for Sankalp, within three (3) days after entry of any final injunction issued herein, an affidavit setting forth in detail, under oath, the manner and form in which Defendants have complied with such injunction;

4. Awarding Plaintiffs their actual damages as a result of Defendants' service mark infringement and unfair and deceptive conduct and competition;

5. Awarding Plaintiffs treble damages as a result of Defendants' knowing and willful service mark infringement and unfair and deceptive conduct and competition;

1760575_4

6.Awarding Plaintiffs prejudgment and post-judgment interest and their costs, including, without limitation, their attorneys' fees, pursuant to the Lanham Act; and

7.Awarding Plaintiffs such other and further relief as the Court deems just and proper.

SATTERLEE STEPHENS BURKE &
BURKE LLP

OF COUNSEL:By:  /s/ James I. Doty
James I. Doty
Jonathan A. Choa230 Park Avenue
Alan R. SilversteinSuite 1130
Rakesh H. MehtaNew York, NY 10169
Hercules Plaza, 6th FloorTel: (212) 404-8718
1313 N. Market Streetjdoty@ssbb.com
Wilmington, DE  19801
Tel:  (302) 984-6000*Attorneys for Plaintiff Sankalp Recreation Pvt.*
jchoa@potteranderson.com*Ltd. India and Neetu Kailash Goenka*
asilverstein@potteranderson.com
rmehta@potteranderson.com

Dated:  September 17, 2013
1122127

**Certification Pursuant to Local Rule 11.2**

I, James I. Doty, counsel of record in the above case, certify under penalty of perjury that the matter in controversy in the above case is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except that the terminated License Agreement referenced herein is the subject of an arbitration by Sankalp Recreation Pvt. Ltd. against Mr. Suresh Patel and Hiral Food Inc. pending in the Supreme Court of India.

New York, New York/s/ James I. Doty
September 17, 2013

1760575_4

**Certification Pursuant to Local Rule 201**

I, James I. Doty, counsel of record in the above case, certify under penalty of perjury pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.

New York, New York                                               */s/ James I. Doty*
September 17, 2013