# THE MCDANIEL LAW FIRM, PC

**54 MAIN STREET**
**HACKENSACK, NJ 07601**
 (201) 845-3232
(201) 845-3777 FAX

WWW.MCDLAWPC.COM

**EMPIRE STATE BUILDING**
**350 FIFTH AVENUE, 59TH FLOOR**
**NEW YORK, NY 10118**
(212) 514-8080
(212) 514-8282 FAX

JAY R. MCDANIEL
JRMCDANIEL@MCDLAWPC.COM

PLEASE REPLY TO
NEW YORK OFFICE

January 6, 2014

**VIA ECF**

Hon. Jose L. Linares
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark. NJ 07101

      Re        Sankalp Recreaction Pvt. Ltd, et al. v. Prayosha
                Restaurant Group, LLC (Delaware)
      Civil Action No.:    13-cv-5529 (JLL)

Dear Judge Linares:

    We represent the defendants in the above-captioned action. We submit this letter sur-reply brief in response to the Court's Order of December 17, 2013.

    Plaintiffs seek relief based on information collected no later than September 25, 2013. At the time that Plaintiffs brought this action for injunctive relief, the Defendants had <u>already</u> rebranded the restaurant.

    We do not dispute the Court's jurisdiction over this matter. Rather, it is our position that if an agreement within the scope of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards exits, the Court's authority is limited to the enforcement of the agreement. This is particularly so when the parties agreed to apply the law of a foreign nation and to hold the proceedings in that country. (*See* Opp. Brief at 3-5)("This agreement shall be governed by the prevailing laws of India.")

    There is fundamental flaw in Plaintiffs arguments regarding mootness  United States law does not apply, and thus the Supreme Court's opinion in *Friends of the Earth, Inc. v. Laidlaw Envtl Seris.*, 528 U.S. 167, 189 (2000) is not controlling. The <u>agreement expressly provides for the application of the law of India</u>. Applying United States law

Jose L. Linares
January 6, 2014
Page 2

as to when an injunction may be granted, and whether the issue has been mooted by Defendants voluntary re-branding, is flatly contrary to the terms of the agreement.

If the law of India does not entitle Plaintiff to the relief sought, it is not available. Plaintiffs seek, by filing a lawsuit in direct breach of the jurisdictional language of the agreement, to substitute U.S. law for the law that they agreed to. By making a decision now and applying U.S. law, the Court would be granting relief to which the Plaintiffs are simply not entitled under the the terms of the contract they negotiated.

We return to our opposition papers and Third Circuit's decision in *McCreary Tire & Rubber Co. v. CEAT*, 501 F.2d 1032 (3d Cir 1974). The cases cited by Plaintiff as having drawn *McCreary* into question – in particular *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355 (4th C ir. 2012) – stand only for the proposition that a District Court may properly enjoin conduct that would, if unchecked, render the international arbitration meaningless. In fact, a careful reading of *McCreary* and its progeny makes clear that it is still good law and no such dire circumstances exist in this case, as were found in the *Aggarao* decision, that warrants this Court's intervention.

In light of the conceded existence of the arbitration agreement and the undispute scope of the pending arbitration proceeding, in order to establish a case or controversy, Plaintiffs must show that the conduct alleged would so frustrate the arbitration as to render it meaningless. This they make no effort to do, and there is no other issue properly before this Court.

It is telling that Plaintiffs have a forum available with the undisputed authority to decide this issue. They have simply elected not to pursue the remedy under the law and in the forum that they agreed to. The request for a preliminary injunction must be denied. There is nothing harsh or inequitable about such a result. Plaintiffs waited years before acting. They now want this Court to write out a better agreement – or at least one that seems more convenient – and ignore the fundamental terms of the bargain.

Very truly yours,

Jay R. McDaniel (JRM9687)

Jose L. Linares
January 6, 2014
Page 3


CC:   James I. Doty, Esq.
        Jonathan A. Choa, Esq.


CERTIFICATION OF SERVICE

     I certify that on January 6, 2014, true and correct copies of the foregoing letter memorandum were serviced on all counsel vic the Court's ECF notification system.


_____