**NOT FOR PUBLICATION**

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANKALP RECREATION PVT. LTD. and NEETU KAILASH GOENKA, <br><br> Plaintiffs, <br><br> v. <br><br> PRAYOSHA RESTAURANT GROUP, LLC et al, <br><br> Defendants. | Civil Action No. 2:13-cv-05529 (JLL) (JAD) <br><br> REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO COMPEL ARBITRATION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by defendants, Prayosha Restaurant Group, LLC (Delaware), Prayosha Restaurant Group, LLC (New Jersey), and Suresh N. Patel, (collectively the "Defendants"), to stay this matter pending arbitration (the "Motion to Compel"). (ECF No. 10).[1] Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendant's Motion to Compel be **GRANTED**.

---

[1] The Court notes that while Defendants filed a motion to stay rather than to compel, Defendants' legal analysis in the moving papers, and Plaintiffs' opposition thereto, both purport arguments as to whether or not arbitration should be compelled. Similarly, the relief sought by Defendants is to arbitrate the trademark claim. For these reasons, and in the interests of judicial efficiency, the Court treats the current motion as a motion to compel arbitration and applies the applicable standard of review enabling dismissal of this matter.

I.  **BACKGROUND.**

Sankalp Recreation Pvt. Ltd. (hereinafter "Sankalp") and Neetu Kailash Goenka, (collectively "Plaintiffs"), commenced this action for trademark infringement and unfair competition on September 17, 2013. (Compl. ¶ 1, ECF No. 1). Sankalp is the exclusive franchisor of 'Sankalp' branded restaurants and the exclusive licensor of the trademark owned by Neetu Kailash Goenka. (Id.). Defendants executed a licensing agreement (the "Master License Agreement") with Plaintiffs for use of Sankalp's intellectual property and trade secrets in certain United States restaurant franchises. (Def. Br., ECF No. 10-2 at 3).

Plaintiffs allege that Defendants attempted to sub-license a franchise to a non-party, Hital Food Inc., and further, that this franchise did not meet Sankalp's standards. (Id.). Plaintiffs then terminated the Master License Agreement due to the aforementioned breach allegation. (Compl. ¶ 1, ECF No. 2). On October 24, 2013, Defendants filed this Motion to Compel, as a result of an arbitration clause (hereinafter the "Arbitration Clause") within the Master License Agreement. (ECF No. 10-2). The Arbitration Clause states:

> This agreement shall be governed by the prevailing laws of India. Any dispute/claim or contentions in respect of or arising out of or relating in any matter to the provisions of this agreement shall be settled amicably. Should such Amicable Settlement prove impossible then the same shall be settled by arbitration under the rules of arbitration.

(Def. Br., ECF No. 10-2 at 3).

Upon receipt of all papers, this Court required the Parties to submit supplemental briefing regarding the Motion to Compel, by November 26, 2013. (*See* Text Order, ECF No. 16). Plaintiffs timely submitted a letter which stated that arbitration in India is in its initial stages, but is only related to breach of contract claims and not the trademark infringement claims. (ECF No. 21 at

1). Additionally, Plaintiffs filed a motion for preliminary injunction, which was denied as moot on January 27, 2014. (Order, ECF No. 34).

## II. LEGAL STANDARD.

On a motion to dismiss and compel arbitration, the standard of review is the same as the "standard used by district courts in resolving summary judgment motions pursuant to Fed. R. Civ. P. 56(c) . . . inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 n.9 (3d Cir. 1980); Basketball Mktg. Co. v. Urbanworks Entm't, No. 04–3179, 2004 WL 2590506, at 3 (E.D.Pa. Nov. 10, 2004) (noting that the summary judgment standard is appropriately applied to resolution of this issue). The moving party bears the burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Basketball Mktg. Co., 2004 WL 2590506, at 3; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citing Fed.R.Civ.P. 56(c)).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, permits district courts to issue orders to compel arbitration. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "The FAA establishes a strong federal policy in favor of compelling arbitration over litigation." Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000). "The presumption in favor of arbitration carries 'special force' when international commerce is involved." Id. Still, "the District Court [must] . . . first determine if there was indeed an arrangement to

arbitrate." Id. at 105. If a district court finds that the parties did not enter into a valid agreement to arbitrate, the court must retain jurisdiction over the case. Id. at 107.

To compel arbitration, calls for a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement. PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir.1990), *overruled on other grounds by* Howsam v. Dean Witter Reynolds, 537 U.S. 79, 85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). When a dispute consists of several claims, the court must determine on an issue-by-issue basis whether a party bears a duty to arbitrate. *See* Painewebber Inc. v. Hofmann, 984 F.2d 1372, 1376-77 (3d Cir.1993).

Similarly, when determining both the existence and the scope of an arbitration agreement, there is a presumption in favor of arbitrability. "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005) *quoting* AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

### III.    ANALYSIS.

The Parties agree that a valid agreement to arbitrate exists as they have already begun arbitration in India. Thus, the issue before this Court becomes whether or not the trademark infringement claims fall within the scope of the Arbitration Clause. The Court finds that the breadth of the Arbitration Clause encompasses any claims of or related to trademark infringement in breach of the Master License Agreement, and thus, the Parties shall arbitrate these claims.

The Arbitration Clause in the Master License Agreement provides for arbitration of "any dispute/claim or contentions in respect of or arising out of or relating in any matter to the provisions of th[e] agreement." (Def. Br., ECF No. 10-2 at 3). Further, the Master License Agreement asserts the rights and obligations of the Parties with respect to trademark at issue, on numerous occasions. (Id. at Ex. B).[2] Plaintiffs argue that the Arbitration Clause is silent as to trademark issues and addresses only the claims arising out of or relating to the Master License Agreement. (Pl. Opp., ECF No. 12 at 3). The Court finds this argument unpersuasive.

The Supreme Court decision in AT & T Technologies, Inc. v. Commc'ns Workers of Am., is instructive, explaining that the presumption of arbitrability is particularly applicable where the clause is broad, such as when the clause provided for arbitration of "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder...." 475 U.S. 643, 650, 106 S. Ct. 1415, 1419, 89 L. Ed. 2d 648 (1986). The Court continued by stating that in such cases, "[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." Id. Quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. at 584-585, 80 S.Ct., at 1353-1354.

There is no evidence in this case that the Arbitration Clause was meant to apply to the entirety of the Master License Agreement but with the exclusion of the related, and perhaps even anticipated, trademark issues. In fact, the sheer entanglement of the Master License Agreement with the trademark "Sankalp" is enough to indicate the Arbitration Clause was designed to incorporate any trademark infringement claims that may arise.

---

[2] For instance, stating "authorized M/s SANKALP RECREATION PVT. LTD to use and give license to use the name "Sankalp" and "by entering into this agreement to use said trade mark and trading style for valuable consideration..." (ECF No. 10-1, Ex. B at 3).

Plaintiffs' also argue that "it is unclear if an Indian arbitrator could give Plaintiffs the complete relief they seek in this case". (Pl. Opp., ECF No. 12 at 4). Plaintiffs rely on the provision in the Master License Agreement, drafted by Plaintiffs,[3] stating "This agreement shall be governed by the prevailing laws of India". (Id.). However, Plaintiffs fail to provide the Court with any case law suggesting that completeness of relief should be considered as a factor in compelling arbitration. Plaintiffs only suggest that a judgment by a foreign court cannot be used to invalidate U.S. trademark rights. (Id.).[4] But the Supreme Court suggests otherwise in Scherk v. Alberto-Culver Co., stating "a contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is, therefore, an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction." 417 U.S. 506, 516, 94 S. Ct. 2449, 2455-56, 41 L. Ed. 2d 270 (1974).

In Scherk, an American company, Alberto-Culver, purchased various interrelated business enterprises, organized under the laws of Germany and Liechtenstein, as well as the rights held by those enterprises in certain trademarks, from a German citizen who (at the time of trial) resided in Switzerland. Scherk 417 U.S., at 516–517, 94 S.Ct., at 2455–2456. While the sales contract contained a provision for arbitration before the International Chamber of Commerce in Paris of "any controversy or claim [arising] out of this agreement or the breach thereof," Alberto-Culver brought suit against Scherk in a Federal District Court in Illinois. Id. Alberto-Culver alleged, in part, that Scherk fraudulently misrepresented the status of the trademarks as unencumbered. Id. The Supreme Court enforced the arbitration clause, even while assuming for purposes of the decision that the controversy would be nonarbitrable under the holding of Wilko[5] had it arisen out

---

[3] See Def. Reply, ECF No. 13 at 1.
[4] See J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 29:36.50 (4th ed.).
[5] See Wilko v. Swan, 201 F.2d 439, 444 (CA2 1953), rev'd, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

of a domestic transaction. Id. In its holding, the Supreme Court emphasized: "A parochial refusal by the courts of one country to enforce an international arbitration agreement would not only frustrate these purposes, but would invite unseemly and mutually destructive jockeying by the parties to secure tactical litigation advantages.... [It would] damage the fabric of international commerce and trade, and imperil the willingness and ability of businessmen to enter into international commercial agreements." Id. Considering Plaintiffs were in fact the drafters of the Master License Agreement, within which Indian law is chosen, it is unclear that the parties' intended to arbitrate the trademark claims in this case as well.

## IV. CONCLUSION.

Based on the foregoing, this Court recommends that Defendants' Motion to Compel be **GRANTED** and the Parties be ordered to arbitrate all claims.

SO ORDERED

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Jose L. Linares , U.S.D.J.